UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY BIXBY and BARRY BIXBY ) <br> AUTOMOTIVE, LLC d/b/a EUROPEAN ) <br> MOTOR CARS, ) <br> ) <br>                Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> THE TOWN OF REHOBOTH; THE TOWN OF ) <br> REHOBOTH BOARD OF SELECTMEN; ) <br> FREDERICK VADNAIS, JR.; MICHAEL DEIGNAN; ) <br> GEORGE SOLAS; LEONARD MILLS, JR.; ) <br> ROBERT JOHNSON; THE TOWN OF ) <br> REHOBOTH POLICE DEPARTMENT; ) <br> CHIEF JAMES J. TROMBETTA; and ) <br> ANTHONY A. OLIVEIRA, ) <br> ) <br>                Defendants. ) | CIVIL ACTION <br> NO. 23-10334-JGD |

**MEMORANDUM OF DECISION AND ORDER ON DEFENDANT
<u>ANTHONY OLIVEIRA'S MOTION FOR ENTRY OF SEPARATE JUDGMENT</u>**

August 8, 2024

DEIN, U.S.M.J.

**I.  <u>INTRODUCTION</u>**

This action arises from the plaintiffs' ongoing, unsuccessful efforts to obtain a Class II automobile dealer license from the Town of Rehoboth, Massachusetts pursuant to Mass. Gen. Laws ch. 140, § 58.  On February 14, 2023, plaintiff Barry Bixby ("Bixby"), a resident of Portsmouth, Rhode Island, and plaintiff Barry Bixby Automotive LLC d/b/a European Motor Cars, a Massachusetts corporation which Bixby owns (collectively, the "Plaintiffs"), filed this

suit, asserting federal and state law claims against Anthony A. Oliveira ("Oliveira"),[1] the Town of Rehoboth (the "Town"), the Town of Rehoboth Police Department ("Rehoboth Police"), Rehoboth Police Chief James J. Trombetta ("Chief Trombetta"), the Town of Rehoboth Board of Selectmen (the "Board"), and the members of the Board individually: Frederick Vadnais, Jr., Michael Deignan, George Solas, Leonard Mills, Jr., and Robert Johnson (collectively, the "Selectmen") (the Town, Rehoboth Police, Chief Trombetta, the Board, and the Selectmen are, collectively, the "Municipal Defendants").

The Plaintiffs' Complaint ("Compl.") (Docket No. 1) set forth six (6) counts, asserting "Violation of Procedural Due Process" (Count I) and "Defendants' Disparate Treatment as Violation to Plaintiffs' Right to Due Process" (Count II) against the Municipal Defendants; "Abuse of Police Power – Unlawful Detention" against the Rehoboth Police and Chief Trombetta (Count III); "Intentional Interference with Contractual Relations" against all Defendants (Count IV); "Tortious Interference with Contractual Relations" against all Defendants (Count V); and "Defamation" against Oliveira (Count VI).  (Compl. ¶¶ 95-125).

All Defendants moved to dismiss the Complaint against them.  Specifically, Oliveira filed two motions to dismiss: "Defendant, Anthony A. Oliveira's Special Motion to Dismiss brought pursuant to the Massachusetts Anti-SLAPP Statute, M.G.L. ch. 231, § 59H" (the "anti-SLAPP Motion to Dismiss") (Docket No. 25) and "Defendant, Anthony A. Oliveira's Partial Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Rules of Civil Procedure" ("12(b)(6) Motion to Dismiss") (Docket No. 27), and the Municipal Defendants filed a separate motion entitled

---

[1] In his motions to dismiss, Oliveira states that his first name is "Antonio"—not "Anthony"—but nevertheless acknowledges that this action "is directed at him."  (See Docket No. 25 at 1 n.1; Docket No. 27 at 1 n.1).

[2]

"Defendants' Motion to Dismiss" (Docket No. 50).  By Memorandum of Decision and Order dated March 22, 2024 (Docket No. 62), the court allowed Oliveira's anti-SLAPP Motion to Dismiss with prejudice, denied as moot Oliveira's 12(b)(6) Motion to Dismiss, and allowed the Municipal Defendants' Motion to Dismiss without prejudice.  Plaintiff Barry Bixby then filed an Amended Complaint against the Town and Chief Trombetta only on May 3, 2024.  (Docket No. 65).  A motion to dismiss the Amended Complaint is pending.

This matter is before the court on Oliveira's "Motion for Awards of Attorney Fees Pursuant to M.G.L. ch. 231, § 59H (Anti-SLAPP Statute) and Costs Pursuant Thereto and Pursuant to Rule 54 of the Federal Rules of Civil Procedure and for Entry of Separate and Final Judgment Pursuant to Rule 54(b)." (Docket No. 66).  Plaintiffs have opposed the request for attorney fees, which is addressed in a separate decision.  (See Docket No. 77).  There has been no opposition filed by any party to the request for the entry of separate judgment.  For the reasons detailed herein, the motion for entry of separate judgment is ALLOWED.

## II. ANALYSIS

The purpose of Rule 54(b) is "to allow an immediate appeal from that judgment in situations where, otherwise, a party would have to await a final judgment adjudicating all claims between all the parties in an action, and, because of such delay and the inability to appeal, the party would suffer a hardship."  Chapman v. Bernard's Inc., 198 F.R.D. 575, 579 (D. Mass. 2001) (quoting Sullivan v. Bankhead Enters., Inc., 108 F.R.D. 378, 381 (D. Mass. 1985)).  As the First Circuit has summarized, the standard to be applied for a motion for entry of separate judgment is as follows:

> Rule 54(b) permits a district court, in cases involving multiple claims or parties, to direct entry of a final judgment "as to one or more, but fewer than all, claims or

[3]

> parties" if it "expressly determines that there is no just reason for delay." Review of such a certification comprises two steps. We first ask "whether the judgment has the requisite aspects of finality." [*Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir. 1988)]. . . . We then scrutinize the determination that there is no just reason for delay. In doing so, we examine "the sufficiency of the district court's assessments of (1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996).

Niemic v. Galas, 286 F. App'x. 738, 739 (1st Cir. 2008). Generally speaking, "piecemeal appeals are disfavored" and "Rule 54(b) should be employed with great circumspection." González Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 318 n.3 (1st Cir. 2009). Accordingly, a certification pursuant to Rule 54(b) is not appropriate "except where the trial court's ruling disposes completely of all claims against a given defendant[,] . . . where the overlap among various legal and factual issues is minimal and where the equities strongly favor immediate, partial judgment." Gallagher v. Park W. Bank & Tr. Co., 951 F. Supp. 10, 15 (D. Mass. 1997). Thus, the "trial court first must ensure that the ruling underlying the proposed judgment is final" in that it disposes "completely either of all claims against a given defendant or of some discrete substantive claim. . . ." Nystedt v. Nigro, 700 F.3d 25, 29 (1st Cir. 2012) (quoting Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994)). Then the trial court must "make an express determination that there is 'no just reason for delay.'" Id. at 30. This is such a case.

Oliveira's anti-SLAPP Motion to Dismiss was granted with prejudice. The anti-SLAPP claims raised by the motion to dismiss related solely to Oliveira. All other claims against Oliveira were dismissed as moot and thus there are no claims remaining against this defendant. The Amended Complaint does not raise any issues that relate to Oliveira. Therefore, the rulings

[4]

in favor of Oliveira dispose completely all claims against him, and qualify as "final" rulings warranting the entry of separate judgment.  See Nystedt, 700 F.3d at 29.

There also is no just reason for delay.  As detailed in the court's decision allowing the anti-SLAPP Motion to Dismiss, Oliveira should not have been subjected to this lawsuit for speaking out at a public meeting.  The Amended Complaint is not directed to him, and he should be able to finally end this litigation.  The entry of final judgment with respect to Oliveira would not prejudice the rights of any party.  Under such circumstances, the entry of final judgment in favor of Oliveira is appropriate.  See id. at 30.

### III.  ORDER

For all the reasons detailed herein, Final Judgment shall enter in favor of the defendant Antonio (Anthony) Oliveira on all counts of the Complaint pursuant to Fed. R. Civ. P. 54(b).

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge